IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA BRUNSON<br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>    Defendant and Third-Party Plaintiff,<br>------------------------------------------------------------<br>v.<br><br>QUEST DIAGNOSTICS, INC.,<br>    Third-Party Defendant. | CIVIL ACTION<br>NO. 09-3341 |

## MEMORANDUM AND ORDER

**Tucker, J.**                                                                                   **October 18, 2010**

Presently before this Court is Defendant the United States' Motion to Dismiss Claims for Survival and Wrongful Death Damages pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 37) and Plaintiff's Response in Opposition to Dismissal (Doc. 38). Upon consideration of the parties' motions with exhibits and declarations, this Court will deny Defendant United States' motion to dismiss.

### I. FACTS

This suit arises from the death of plaintiff Patricia Brunson's ("Plaintiff") mother, Dorothea Brunson ("Decedent") on March 11, 2007, allegedly as a result of negligent treatment

by government physicians at the Greater Philadelphia Health Action, Inc. Hunting Park ("GPHA") in Philadelphia, Pennsylvania.

On or about August 27, 2003, the Decedent became a patient of GPHA, a medical facility run by the Department of Health and Human Services ("DHHS"), which serves as an agent of the United States. The Decedent was initially seen by Dr. Seema Patel, a GPHA physician who ordered blood tests showing anemia as of August 29, 2003. Pap smear testing performed on the Decedent as of September 9, 2003 showed the presence of atypical squamous cells. Despite the Decedent's continued complaints of bleeding, persistent anemia and abnormal squamous cells, Dr. Patel declined to order additional testing for cancer, and failed to send the Decedent to an oncologist. On September 29, 2004, the Decedent was seen by Dr. Kathleen Christophe, a GPHA family practice physician who ordered blood tests that showed continued anemia as of November 2, 2004. Despite the Decedent's further complaints of bleeding, persistent anemia and abnormal squamous cells, Dr. Christophe failed to order additional testing for cancer, including a cervical biopsy, failed to refer the Decedent to an oncologist, and failed to consider or rule out cervical cancer from the Decedent's diagnosis.

On December 21, 2004, an ultrasonography taken of the Decedent's pelvis revealed masses in her cervix. The radiologist impressions of this ultrasonography stated that the masses "could represent endometrial carcinoma," and that an MRI or alternatively, a biopsy, were in order. Instead of receiving the recommended MRI or biopsy, the Decedent was treated with Lupron while her cancer continued to grow. In May 2005, the Decedent underwent endoscopy after an emergency visit to Temple University Hospital, at which time cancerous cells were discovered. On July 11, 2005, the Decedent's stage of cancer was diagnosed as "at least IIb."

Despite aggressive radiation and chemotherapy, the Decedent died of cervical cancer on March 11, 2007.

On November 11, 2008, Plaintiff, administratrix of Decedent's estate, commenced litigation by filing a written complaint with The Court of Common Pleas of Philadelphia County, Pennsylvania. On January 15, 2009, Plaintiff filed an administrative claim with the DHHS alleging the wrongful death of the Decedent. The Defendant United States sent two follow up inquiry letters dated January 26, 2009 and April 2, 2009 regarding the administrative complaint form filed in January 2009. On April 7, 2009, Plaintiff responded to these follow up inquiry letters from the Defendant, providing among other information, the requested state complaint filed in November 2008, which included both survival and wrongful death actions on behalf of the Decedent's survivors.

On July 24, 2009, Plaintiff brought this federal suit against the United States for: (1) negligence, corporate liability, and vicarious liability pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), and 2671 et seq.; (2) wrongful death pursuant to 42 Pa. C.S.A. § 8301 (the "Pennsylvania Wrongful Death Act"); and (3) and survival pursuant to 20 Pa. C.S.A. § 3371, et seq. (the "Pennsylvania Survival Act").

Plaintiff seeks: (1) damages in excess of $150,000 from the United States for the pain and suffering sustained by the Decedent as a result of the alleged negligence of United States agents; (2) wrongful death damages in excess of $150,000 from the United States for the pecuniary loss sustained by the Decedent's estate as a result of the Decedent's death; and (3) survival damages in excess of $150,000 from the United States for the pecuniary loss sustained by the Decedent's

estate as a result of the Decedent's death, as well as damages for pain and suffering endured by the Decedent up to and including the time of her death.

## II. STANDARD OF REVIEW

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), dismissal is warranted where a court lacks subject matter jurisdiction over a case. Rule 12(b)(1) motions are either facial or factual challenges. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). A facial attack concerns the sufficiency of the pleadings, whereas a factual attack is a dispute over the existence of certain jurisdictional facts alleged by the plaintiff. Id. (citing United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

By contrast, when a defendant attacks subject matter jurisdiction "in fact," the court is "free to weigh the evidence and satisfy itself whether it has power to hear the case." Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). In reviewing a factual attack, the court is not confined to the allegations of the complaint. Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). No presumption of truthfulness attaches to the plaintiff's allegations, "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Carpet Group Int'l, 227 F.3d at 69 (citation omitted). The plaintiff bears the burden of persuasion regardless of whether the challenge is facial or factual. Henderson v. Nationwide Mut. Ins. Co., 169 F. Supp. 2d 365, 367-368 (E.D. Pa. 2001).

## III.   DISCUSSION

The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity making the federal government liable to the same extent as a private party for certain torts of federal employees acting in the scope of their employment. 28 U.S.C.A. §2671 et seq.  This waiver of sovereign immunity is limited and subject to a number of jurisdictional requirements before a plaintiff can bring suit against the United States.  The FTCA explicitly requires an initial presentation of a claim to the appropriate federal agency as a non-waivable jurisdictional prerequisite to the filing of a lawsuit in federal court.  Deutsch v. United States, 67 F.3d 1080, 1091 (3d Circ. 1995).  Further, the United States Supreme Court has found that where "Congress has imposed an administrative exhaustion requirement by statute, the exhaustion of those procedures is mandatory."  Wujick v. Dale & Dale, Inc., 43 F.3d 790, 793-94 (3d Cir. 1994).

In support of its motion for dismissal, the United States sets forth the following arguments regarding defects in the Plaintiff's administrative complaint to the DHHS: (1) the Plaintiff's administrative complaint form failed to present a claim for survival; (2) the Plaintiff's administrative complaint form presented only a wrongful death claim on behalf of Plaintiff/administratrix, and failed to present wrongful death claims for additional claimants named in the federal complaint, namely William Brunson, Jr. and Jack Mincey, Jr., survivors of the Decedent.

The central issues are whether the Plaintiff's administrative complaint, including any documents referenced therein or attached thereto, is facially sufficient to fulfill the FTCA prerequisite of exhausting administrative remedies in order to file suit against the United States

in this Court, and whether dismissal of the survival and certain of the wrongful death claims is appropriate.

**A.  This Court has Jurisdiction over the Survival Claim and the Wrongful Death Claims Brought on behalf of Decedent's Survivors due to Plaintiff's Exhaustion of Administrative Remedies via Notice to the Defendant U.S. in the form of the Administrative Complaint and Related Attachments.**

The critical factor used to determine whether the FTCA prerequisite of the exhaustion of administrative remedies has been met is whether a specific claim was presented to the appropriate federal agency prior to the filing of a lawsuit in federal court. Deutsch v. United States, 67 F.3d 1080, 1091 (3d Circ. 1995). Under the FTCA, the United States' potential liability is determined by the law of the state where the acts of negligence occurred. 28 U.S.C. §2674. In the present case, the alleged malpractice occurred at a medical facility in Philadelphia, Pennsylvania. Furthermore, in the suit presently before this Court, Plaintiff's survival claim, brought on behalf of the Decedent's estate, was asserted pursuant to 20 Pa. C.S.A. §3371,et seq. (the "Pennsylvania Survival Act")[1], while Plaintiff's wrongful death claims, brought on behalf of the Decedent's survivors, were asserted pursuant to 42 Pa. C.S.A. §8301 (the "Pennsylvania Wrongful Death Act")[2]. Thus, Pennsylvania law clearly distinguishes between claims for survival and wrongful death, each a separate cause of action[3]. In order for this Court to have

---

[1] Complaint, p. 14, Item 52.

[2] Complaint, p. 12-13, Item 45.

[3] Groh v. Philadelphia Electric Co., 271 A.2d 265, 269-70 (Pa. 1970).

proper subject matter jurisdiction over a survival claim under Pennsylvania law against the United States, a distinct claim for survival damages must have first been presented to the DHHS.

In the present case, the government argues that the Plaintiff's pleadings were insufficient concerning the survival claim and the wrongful death claims brought on behalf of the Decedent's survivors. The government asserts that the complaint submitted by the Plaintiff to DHHS failed to state a claim for survival and failed to state a certain amount of survival damages, and thus the government was not given constructive notice of Plaintiff's survival claim, and such claim may not be brought before this Court.  Further, the government states that the administrative complaint form failed to list survivors of the Decedent as claimants for wrongful death, and thus this Court lacks the subject matter jurisdiction to hear this claim.  In contrast, the Plaintiff maintains that the government received actual notice of both the survival and all wrongful death claims based on Plaintiff's state court law suit filed in 2008 and provided to the Defendant in 2009, which taken together with the administrative complaint filed in 2009 constituted sufficient pleadings to exhaust the administrative filing requirement under the FTCA**.**

Defendant argues that  Gland v. United States, 2003 WL 23094911 (E.D. Pa. December 16, 2003) is controlling, and that where multiple claims are claimed to be asserted on a single administrative form, such form must provide "constructive notice " of each additional claim, or the additional claim will be dismissed for failure to exhaust administrative remedies[4].

In *Gland,* the court held that where the Plaintiff, the wife of an inmate who died while in federal prison, brought suit against the United States for negligence for alleged failure to provide

---

[4] *Id.* at 2.

appropriate medical assistance to the decedent, Plaintiff failed to exhaust the FTCA-mandated administrative remedies, and thus certain claims omitted from her administrative complaint form were dismissed by the court[5]. The court reasoned that the Form 95, which Plaintiff submitted to the Federal Bureau of Prisons prior to filing suit, stated solely survival and wrongful death claims on behalf of the decedent and his estate, and did not state separate wrongful death and loss of consortium claims for the Plaintiff herself.[6] The Court reasoned that because the From 95 filed by the Plaintiff failed to identify the Plaintiff as a victim of negligence attributable to the Federal Government, failed to refer to injuries that she personally suffered on the form, and failed to assert facts and theories to support a loss of consortium claim, the ultimate result was Plaintiff's failure to provide the Federal Government with the requisite constructive notice of Plaintiff's own separate claims[7].

Plaintiff argues that where a Plaintiff's administrative complaint form is accompanied by additional documents provided to the Defendant that set forth the claims being asserted in a federal lawsuit, the federal court may appropriately review both the face of the administrative form and all relevant attachments to find that the Plaintiff's administrative claims were sufficiently pleaded under the FTCA, and that the court has subject matter jurisdiction to hear the presented claims. This Court agrees with the Plaintiff.

---

[5] *Id.* at 6.

[6] *Id.* at 5.

[7] *Id.*

*1. The DHHS Complaint Form 95 and Related Attachments*

The Standard Form 95 ("SF 95") complaint, submitted by the Plaintiff to the DHHS, sets forth a claim for wrongful death damages on behalf of the Plaintiff as claimant[8]. The SF 95 is silent on survival damages and on wrongful death damages for the Decedent's survivors. However, this Court relies upon <u>Owens ex rel. Estate of O'Donnell v. U.S.</u>, 302 F.Supp.2d 661 (E.D. Pa., March 9, 2004), and finds that the state complaint provided by the Plaintiff in connection with its SF 95, and in response to the Defendant United States' follow up request letters concerning the SF 95, is relevant for consideration on the issue of whether the Defendant United States received actual notice of the claims being asserted in the present case. In *Owens,* the court states that "a technically deficient SF 95 can be deemed to constitute a valid claim sufficient to confer jurisdiction on a court in a FTCA action." The critical question for purposes of subject matter jurisdiction is "whether the government received sufficient notice of the claim to facilitate investigation and settlement."[9] Thus, the court in *Owens* states that "as long as the claim and other documentation submitted to the governmental agency provides sufficient notice to enable investigation and settlement, courts have found a technically deficient SF 95 sufficient to confer jurisdiction upon the court."[10]

In *Owens,* the court denied defendant's motion to dismiss, despite the defendant's contention that the plaintiff's claim was insufficient because the submitted SF 95 form did not

---

[8] Department of Justice, Standard Form 95, p. 1, Item 12 (submitted by Plaintiff to the DHHS and signed January 15, 2009).

[9] *Id.* at 666.

[10] *Id.* at 665.

properly identify the claimant ultimately named in the federal complaint[11]. In reaching its determination, the *Owens* court reviewed both the SF 95 and relevant letters submitted by the plaintiff to the defendant[12]. Although this matter differs slightly from *Owens* in that there is at least an entire claim in this matter (the survival claim) which was not presented on the SF 95 form, the standard set forth in *Owens* still applies because the plaintiff has submitted evidence that it provided a state complaint as an attachment to the SF 95. Under the *Owens* rule, this Court must review both face of the SF 95 form and the state complaint submitted therewith in order to determine the sufficiency of the pleadings.

The state complaint provided to the Defendant United States in connection with the SF 95 clearly sets forth the following claims: (1) negligence and corporate liability against GPHA, Dr. Seema Patel, and Dr. Kathleen Christophe, all agents of the United States, as well as Quest Diagnostics[13]; (2) vicarious liability against GPHA[14]; (3) wrongful death on behalf of the Plaintiff, the Decedent's estate, and Decedent's survivors, William Brunson, Jr. and Jack Mincey, Jr., against GPHA, Dr. Seema Patel, Dr. Kathleen Christophe, and Quest Diagnostics[15]; and (4) survival damages, on behalf of the Plaintiff and the Decedent's estate, against GPHA, Dr. Seema Patel, Dr. Kathleen Christophe, and Quest Diagnostics[16].

---

[11] *Id.* at 666.

[12] *Id.*

[13] Civil Action Complaint, Court of Common Pleas of Philadelphia, p. 8-14, Items 39-49 (Nov. 11, 2008).

[14] Civil Action Complaint, Court of Common Pleas of Philadelphia, p. 14-16, Items 50-55 (Nov. 11, 2008).

[15] Civil Action Complaint, Court of Common Pleas of Philadelphia, p. 32-34, Items 81-88 (Nov. 11, 2008).

[16] Civil Action Complaint, Court of Common Pleas of Philadelphia, p. 34-35, Items 89-92 (Nov. 11, 2008).

Thus, the Defendant received clear and actual notice, through the copy of the state complaint that the Defendant received from the Plaintiff on or about April 9, 2009, the precise survival and wrongful death claims that it is asking this Court to dismiss. The state complaint clearly sets forth both claims for survival and wrongful death actions for claimants William Brunson, Jr. and Jack Mincey, Jr., survivors of the Decedent. Because the Defendant received the state complaint shortly after the SF 95 was filed, the Defendant received sufficient notice to facilitate investigation and settlement.

This matter is not analogous to the situation presented in *Gland*, as proffered by the Defendant United States. In that case, the administrative form was the only evidence provided by the plaintiff in an attempt to show that the government received notice of both claims at issue. Thus, in *Gland,* the court did not have relevant attachments other than the administrative form to review in its determination about the sufficiency of the pleadings. Here, the Plaintiff has submitted both the SF 95 and the state complaint, among other items, as evidence that it provided the minimum required notice under the FTCA. Defendant government specifically requested additional information as follow up to the Plaintiff's SF 95, and received in response, among other information, the Plaintiff's state complaint. Because the state complaint clearly sets forth the survival and wrongful death claims in question, this Court agrees with Plaintiff's contention that the Defendant United States received actual notice of the survival and wrongful death claims at issue.

This matter is also distinguishable from Frantz v. United States, 791 F. Supp. 445 (D. Del. 1992), cited by the Defendant. In *Frantz,* the plaintiffs alleged that the administrative claim forms submitted by their attorney sufficiently stated claims for both survival and wrongful death,

11

however, the court found that the forms lacked notice of both a survival claim for the decedent's estate and any wrongful death claims. Unlike the case at hand, in *Frantz,* the plaintiffs' evidence proffered to support their position included the SF 95 forms filed and a cover letter with little substantive information that failed make out definitive claims for wrongful death damages. By contrast, in this matter, the state complaint submitted by the Plaintiff to Defendant in this matter specifically spelled out the claims at issue.

Therefore, since the Plaintiff's administrative claim to the DHHS, along with its attached state complaint, fulfilled the presentment requirement of the FTCA, this Court has jurisdiction to hear the survival claim and all wrongful death claims presently before it.

### IV. CONCLUSION

Based on the evidence provided, this Court concludes that the Plaintiff has made a showing that its DHHS complaint, together with its state complaint provided to the Defendant United States as an attachment upon request, satisfied the FTCA requirement of exhausting administrative remedies for claims of survival and certain claims of wrongful death. Consequently, the United States' motion to dismiss the claim for survival damages and any claim for wrongful death damages except that of Plaintiff Patricia Brunson is denied pursuant to Federal Rule of Civil Procedure 12(b)(1).

An appropriate Order will be entered in accordance with this memorandum opinion.